# UNITED STATES SOUTHERN DISTRICT COURT

# COMPLAINT FORM:

# PLAINTIFF ALLEGES:

✓ 6 Copies - Robbye Rena Hannah

6 Copies - Estate of Mr. Lorinzia Hannah

United States District Court
Southern District of Texas
**FILED**

DEC 2 8 2016

**David J. Bradley, Clerk of Court**

**32. "State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages." Plaintiffs' seek relief for injunction:**

1. **HIPPA Violation/Loss of Property-Lack of Jurisdiction;** Plaintiffs found some of Robbye Hannah's evidence hid out of state when Plaintiff disability was pending; and Loss property relief for injunction in the amount **$1,000,000**.

2. **42 USC §1983 Civil Action for Deprivation of Rights**-Defendants Blocked all Plaintiffs rights to Appeal; Plaintiff did not have an ALJ hearing. Defendants refuse to provide a copy of the ALJ Judge or decision; and further on: **18 USC 242-Deprivation of Rights Color of Law of Rights protected under the Constitution of the U.S**

A. Defendants provided a service to the Plaintiff Robbye Hannah with a mental disability that is not effective as what is provided to others in the disability process and not in compliance with any SSA Rules, Laws, Regulation, Federal Laws, and violation of the U.S. Constitution; Colorful Constitution and Acts under "color of any law". Plaintiffs' seek relief for injunction in the amount of **$845,000**

3. Plaintiff's Past due Benefits-Defendants Ms. Chapron; Ms. Tamascus and other SSA employees involved did not do a review on the Initial determination Good Cause for Untimely Filing under SSR-91-5p; Defendants purposely ignored all SSA Laws, Rules. Regulation, Constitution, violated and targeted Plaintiff a former SSA/ODAR employee and a mentally disabled individual rights. Defendant's loss, destroyed; and hid evidence on purpose to deny benefits and cause an incorrect determination. Plaintiff seek relief from the court to order Plaintiffs past due benefit entitlement on her April 16, 2007 Disability Claim filed payable to Plaintiff from her AOD 02/06/2006., and the correct monthly benefits. Plaintiff

established Good Cause according to the SSA Law, Rules, and regulations. Defendants did not use the 06/24/14 new application required to complete by defendant Ms. Tamascus and her supervisor. Plaintiffs' tracked the new application and Plaintiff prior file out of state at SSA Waterloo, Iowa; electronically transmitted on 07/02/2014. SSA Waterloo, Iowa did not have jurisdiction. Defendants used their office to hide Plaintiff evidence while her disability was pending.

**A.** Every SSA correspondence, Notices, Determinations, and Dismissal Plaintiff has received during her disability process including the determinations from SSA and the Award Notice is not used, outdated, and language not in compliance with any SSA Rules, Regulations, Manuals or law or used in SSA disability process. Defendants The Acting Commissioner's office and defendants the Social Security Administration Inspector General did nothing and allowed the defendants Social Security employees who went through drastic, desperate measures by any means possible to scam, scheme, trick, and deny Plaintiff out of her past due benefits paid from AOD 02/06/2006; create a falsified ALJ Award Notice mixed with SSA field Dillard office Appeal instructions and then denied Plaintiff all of her rights to an Appeal. The preponderance of Evidence clearly shows the mental games the defendants Social Security Administration played on a disabled individual including the date of the Determination from SSA 02/06/2015. Plaintiffs' seek relief for injunction in the amount Of $**295,000.**

### PUNITIVE DAMAGES

**4.** Loss of Consortium-Estate Lorinzia Hannah-Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when the case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in Plaintiffs' marital relationship. Documentation and Medical Evidence is required for Social Security Disability and are supposed to be protected. Documentation and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants, SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee know the defendants (2007

32

traumatic injury); that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff's spouse Mr. Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff's spouse Robbye mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands Plaintiff seeks injunction in the amount of **$325,000.**

**5. Loss of Consortium**- Plaintiff Robbye Rena Hannah- Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when her case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in our marital relationship. Documents required for Social Security Disability are supposed to be protected. Documents and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee(s) know the defendants; that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff Robbye Hannah and spouse Mr. Lorinzia Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands. **Plaintiff seeks the Relief of the Injunction amount $325,000**

**Total Amount Plaintiffs' seeks the Relief of the Injunction-$2,785.000**

**OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER: PUNITIVE DAMAGES**

1. Plaintiff Robbye Hannah received an Overpayment Notice from Office Personnel Management Federal Employment Retirement Services on or before December 21, 2016 for the amount of $34,496 pertaining

33

to the Social Security Award Notice dated March 15, 2015 that an Administrative Law Judge made the decision. Plaintiff will mail copy to the defendants and receipt delivery confirmation to the court after case number is received. Plaintiff seek relief from the Court on this Special issue and ask the Court if the **Defendants don't produce all:** Prior file; the SSA forms, Initial, Reconsideration Letter; Reconsideration Determinations; Appeals Notice Received Dec 2014; SSA Feb 6, 2015 Determination; March 9, 2015 Dismissal; March 15, 2015 Award Notice ALJ made the decision and copy of the ALJ decision used in Plaintiff disability process; Plaintiff Appeal "Error on the Face of Evidence dated 11/12/14 with attached family statements; Plaintiff Appeals dated April 4, 2015 and April 17, 2015; New Application dated 06/24/14. All of the above was left out in the copy of Plaintiff SSA file. Plaintiff also requests the defendants produce a copy of the SSA Waterloo, Iowa file; that the court grants **Injunction Relief Sought in an additional amount of $2,785,000; Total Amount: $5,570,000**

## 2. OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER:

A. The other relief the Plaintiff asks the Court to order is for Defendants of the Social Security Administration Government officials and employees to quit targeting Plaintiff Robbye Hannah a former SSA ODAR employee (Plaintiff included her copy of Evidence on the Face of Evidence dated Nov 12, 2014 with Family Members statements) and quit playing mental games and mentally harassing plaintiff directly and indirectly.

1. Plaintiff has been targeted and taken advantage of by Defendants since 2007, and defendants continues to do so: Initial Determination Fraud Paragraph Excluded 08/29/07.

2. Plaintiff did not know the Defendants targeted her a month before she filed for a review on Good Cause 91-5p delivered to Defendants on June 17, 2014. Plaintiff mailed in an application at the SSA Dillard office for her Grandson updated Social Security Card. Plaintiff had her deceased son name put on her Grandson Birth Certificate by the Denver, Colorado Court. Plaintiff mailed in the required documents and

kept getting rejected with weird correspondence. Plaintiff was rejected seven times (documented). A Claim Representative contacted Plaintiff Robbye Hannah from the Dillard office to help her. Plaintiff doesn't recall Claim Rep name. Claim Rep instructed Plaintiff to send the documentation to her and put ATTN TO: The Claim Rep called Plaintiff approximately two weeks later and asked Plaintiff did she mail the documentation to her. Plaintiff told her yes and it still came back rejected. Claim Rep advised Plaintiff to mail it back to her again and put ATTN TO: the Claim Rep informed Plaintiff she will put out an email that soon as the documentation arrives for the SSA employees to deliver it to her. Only then did I receive my grandson updated Social Security Card. Plaintiff went through her paperwork December 22, 2016 to look for the envelopes and correspondence because of the issues in her Disability claim; and found two; sure enough the envelope **is mailed from SSA Waterloo 50701** and **addressed from SSA Dillard Office**. Plaintiff will mail copy to defendants and Court after Case number is received.

3.   Defendants refused to give Plaintiff a copy of Plaintiff deceased Spouse earning records and told plaintiff check with IRS they're the ones that do. Plaintiffs know that is not true.

**4.   The personal attack written on the Reconsideration Denial notice dated 06/28/16 by Defendant SSA OGC Associate General Counsel Mitchell Chitwood states, "You have provided no evidence in support of your allegations of benefit denials to establish that an employee of the United States, other than yourself, caused the alleged damages"**

5. Defendants SSA OGC received the Preponderance of Evidence. The Defendants used the letter Plaintiff wrote November 17, 2015, as Date of Claim filed that was inside the BOX with the Preponderance of Evidence Delivered. Plaintiff receipt states, "BOX".

6. Plaintiff went to the HIPPA Act Site-If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff went to the OCR site: If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff Been There and Done that and was ignored.

35

**32. "State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages." Plaintiffs' seek relief for injunction:**

1.    **HIPPA Violation/Loss of Property-Lack of Jurisdiction;** Plaintiffs found some of Robbye Hannah's evidence hid out of state when Plaintiff disability was pending; and Loss property  relief for injunction in the amount **$1,000,000.**

**2.  42 USC §1983 Civil Action for Deprivation of Rights**-Defendants Blocked all Plaintiffs rights to Appeal; Plaintiff did not have an ALJ hearing. Defendants refuse to provide a copy of the ALJ Judge or decision; and further on: **18 USC 242-Deprivation of Rights Color of Law of Rights protected under the Constitution of the U.S**

A.    Defendants provided a service to the Plaintiff Robbye Hannah with a mental disability that is not effective as what is provided to others in the disability process and not in compliance with any SSA Rules, Laws, Regulation, Federal Laws, and violation of the U.S. Constitution; Colorful Constitution and Acts under "color of any law". Plaintiffs' seek relief for injunction in the amount of **$845,000**

3.    Plaintiff's Past due Benefits-Defendants Ms. Chapron; Ms. Tamascus and other SSA employees involved did not do a review on the Initial determination Good Cause for Untimely Filing under SSR-91-5p; Defendants purposely ignored all SSA Laws, Rules. Regulation, Constitution, violated and targeted Plaintiff a former SSA/ODAR employee and a mentally disabled individual rights. Defendant's loss, destroyed; and hid evidence on purpose to deny benefits and cause an incorrect determination. Plaintiff seek relief from the court to order Plaintiffs past due benefit entitlement on her April 16, 2007 Disability Claim filed payable to Plaintiff from her AOD 02/06/2006., and the correct monthly benefits. Plaintiff

established Good Cause according to the SSA Law, Rules, and regulations. Defendants did not use the 06/24/14 new application required to complete by defendant Ms. Tamascus and her supervisor. Plaintiffs' tracked the new application and Plaintiff prior file out of state at SSA Waterloo, Iowa; electronically transmitted on 07/02/2014. SSA Waterloo, Iowa did not have jurisdiction. Defendants used their office to hide Plaintiff evidence while her disability was pending.

A. Every SSA correspondence, Notices, Determinations, and Dismissal Plaintiff has received during her disability process including the determinations from SSA and the Award Notice  is not used, outdated, and language not in compliance with any SSA Rules, Regulations, Manuals or law or used in SSA disability process. Defendants The Acting Commissioner's office and defendants the Social Security Administration Inspector General did nothing and allowed the defendants Social Security  employees who went through drastic, desperate measures by any  means possible to scam,  scheme, trick,  and deny Plaintiff out of her past due benefits paid from AOD  02/06/2006; create a falsified ALJ Award Notice mixed with SSA field Dillard office Appeal instructions and then denied Plaintiff all of her rights to an Appeal. The preponderance of Evidence clearly shows the mental games the defendants Social Security Administration played on a disabled individual including the date of the Determination from SSA 02/06/2015. Plaintiffs' seek relief for injunction in the amount Of $**295,000.**

## **PUNITIVE DAMAGES**

4.  Loss of Consortium-Estate Lorinzia Hannah-Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when the case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in Plaintiffs' marital relationship. Documentation and Medical Evidence is required for Social Security Disability and are supposed to be protected. Documentation and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants, SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee know the defendants (2007

traumatic injury); that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff's spouse Mr. Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff's spouse Robbye mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands Plaintiff seeks injunction in the amount of **$325,000.**

**5. Loss of Consortium-** Plaintiff Robbye Rena Hannah- Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when her case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in our marital relationship. Documents required for Social Security Disability are supposed to be protected. Documents and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee(s) know the defendants; that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff Robbye Hannah and spouse Mr. Lorinzia Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands. **Plaintiff seeks the Relief of the Injunction amount $325,000**

**Total Amount Plaintiffs' seeks the Relief of the Injunction-$2,785.000**

**OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER: PUNITIVE DAMAGES**

1. Plaintiff Robbye Hannah received an Overpayment Notice from Office Personnel Management Federal Employment Retirement Services on or before December 21, 2016 for the amount of $34,496 pertaining

to the Social Security Award Notice dated March 15, 2015 that an Administrative Law Judge made the decision. Plaintiff will mail copy to the defendants and receipt delivery confirmation to the court after case number is received. Plaintiff seek relief from the Court on this Special issue and ask the Court if the **Defendants don't produce all:** Prior file; the SSA forms, Initial, Reconsideration Letter; Reconsideration Determinations; Appeals Notice Received Dec 2014; SSA Feb 6, 2015 Determination; March 9, 2015 Dismissal; March 15, 2015 Award Notice ALJ made the decision and copy of the ALJ decision used in Plaintiff disability process; Plaintiff Appeal "Error on the Face of Evidence dated 11/12/14 with attached family statements; Plaintiff Appeals dated April 4, 2015 and April 17, 2015; New Application dated 06/24/14. All of the above was left out in the copy of Plaintiff SSA file. Plaintiff also requests the defendants produce a copy of the SSA Waterloo, Iowa file; that the court grants **Injunction Relief Sought in an additional amount of $2,785,000; Total Amount: $5,570,000**

## 2. OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER:

A. The other relief the Plaintiff asks the Court to order is for Defendants of the Social Security Administration Government officials and employees to quit targeting Plaintiff Robbye Hannah a former SSA ODAR employee (Plaintiff included her copy of Evidence on the Face of Evidence dated Nov 12, 2014 with Family Members statements) and quit playing mental games and mentally harassing plaintiff directly and indirectly.

1. Plaintiff has been targeted and taken advantage of by Defendants since 2007, and defendants continues to do so: Initial Determination Fraud Paragraph Excluded 08/29/07.

2. Plaintiff did not know the Defendants targeted her a month before she filed for a review on Good Cause 91-5p delivered to Defendants on June 17, 2014. Plaintiff mailed in an application at the SSA Dillard office for her Grandson updated Social Security Card. Plaintiff had her deceased son name put on her Grandson Birth Certificate by the Denver, Colorado Court. Plaintiff mailed in the required documents and

34

kept getting rejected with weird correspondence. Plaintiff was rejected seven times (documented). A Claim Representative contacted Plaintiff Robbye Hannah from the Dillard office to help her. Plaintiff doesn't recall Claim Rep name. Claim Rep instructed Plaintiff to send the documentation to her and put ATTN TO: The Claim Rep called Plaintiff approximately two weeks later and asked Plaintiff did she mail the documentation to her. Plaintiff told her yes and it still came back rejected. Claim Rep advised Plaintiff to mail it back to her again and put ATTN TO: the Claim Rep informed Plaintiff she will put out an email that soon as the documentation arrives for the SSA employees to deliver it to her. Only then did I receive my grandson updated Social Security Card. Plaintiff went through her paperwork December 22, 2016 to look for the envelopes and correspondence because of the issues in her Disability claim; and found two; sure enough the envelope **is mailed from SSA Waterloo 50701** and **addressed from SSA Dillard Office**. Plaintiff will mail copy to defendants and Court after Case number is received.

3. Defendants refused to give Plaintiff a copy of Plaintiff deceased Spouse earning records and told plaintiff check with IRS they're the ones that do. Plaintiffs know that is not true.

**4. The personal attack written on the Reconsideration Denial notice dated 06/28/16 by Defendant SSA OGC Associate General Counsel Mitchell Chitwood states, "You have provided no evidence in support of your allegations of benefit denials to establish that an employee of the United States, other than yourself, caused the alleged damages"**

5. Defendants SSA OGC received the Preponderance of Evidence. The Defendants used the letter Plaintiff wrote November 17, 2015, as Date of Claim filed that was inside the BOX with the Preponderance of Evidence Delivered. Plaintiff receipt states, "BOX".

6. Plaintiff went to the HIPPA Act Site-If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff went to the OCR site: If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff Been There and Done that and was ignored.

35

**32. "State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages." Plaintiffs' seek relief for injunction:**

1.   **HIPPA Violation/Loss of Property-Lack of Jurisdiction**; Plaintiffs found some of Robbye Hannah's evidence hid out of state when Plaintiff disability was pending; and Loss property relief for injunction in the amount **$1,000,000**.

2. **42 USC §1983 Civil Action for Deprivation of Rights**-Defendants Blocked all Plaintiffs rights to Appeal; Plaintiff did not have an ALJ hearing. Defendants refuse to provide a copy of the ALJ Judge or decision; and further on: **18 USC 242-Deprivation of Rights Color of Law of Rights protected under the Constitution of the U.S**

A.   Defendants provided a service to the Plaintiff Robbye Hannah with a mental disability that is not effective as what is provided to others in the disability process and not in compliance with any SSA Rules, Laws, Regulation, Federal Laws, and violation of the U.S. Constitution; Colorful Constitution and Acts under "color of any law". Plaintiffs' seek relief for injunction in the amount of **$845,000**

3.   Plaintiff's Past due Benefits-Defendants Ms. Chapron; Ms. Tamascus and other SSA employees involved did not do a review on the Initial determination Good Cause for Untimely Filing under SSR-91-5p; Defendants purposely ignored all SSA Laws, Rules. Regulation, Constitution, violated and targeted Plaintiff a former SSA/ODAR employee and a mentally disabled individual rights. Defendant's loss, destroyed; and hid evidence on purpose to deny benefits and cause an incorrect determination. Plaintiff seek relief from the court to order Plaintiffs past due benefit entitlement on her April 16, 2007 Disability Claim filed payable to Plaintiff from her AOD 02/06/2006., and the correct monthly benefits. Plaintiff

31

established Good Cause according to the SSA Law, Rules, and regulations. Defendants did not use the 06/24/14 new application required to complete by defendant Ms. Tamascus and her supervisor. Plaintiffs' tracked the new application and Plaintiff prior file out of state at SSA Waterloo, Iowa; electronically transmitted on 07/02/2014. SSA Waterloo, Iowa did not have jurisdiction. Defendants used their office to hide Plaintiff evidence while her disability was pending.

**A.** Every SSA correspondence, Notices, Determinations, and Dismissal Plaintiff has received during her disability process including the determinations from SSA and the Award Notice is not used, outdated, and language not in compliance with any SSA Rules, Regulations, Manuals or law or used in SSA disability process. Defendants The Acting Commissioner's office and defendants the Social Security Administration Inspector General did nothing and allowed the defendants Social Security employees who went through drastic, desperate measures by any means possible to scam, scheme, trick, and deny Plaintiff out of her past due benefits paid from AOD 02/06/2006; create a falsified ALJ Award Notice mixed with SSA field Dillard office Appeal instructions and then denied Plaintiff all of her rights to an Appeal. The preponderance of Evidence clearly shows the mental games the defendants Social Security Administration played on a disabled individual including the date of the Determination from SSA 02/06/2015. Plaintiffs' seek relief for injunction in the amount Of $**295,000.**

**PUNITIVE DAMAGES**

**4.** Loss of Consortium-Estate Lorinzia Hannah-Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when the case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in Plaintiffs' marital relationship. Documentation and Medical Evidence is required for Social Security Disability and are supposed to be protected. Documentation and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants, SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee know the defendants (2007

traumatic injury); that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff's spouse Mr. Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff's spouse Robbye mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands Plaintiff seeks injunction in the amount of **$325,000.**

**5. Loss of Consortium-** Plaintiff Robbye Rena Hannah- Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when her case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in our marital relationship. Documents required for Social Security Disability are supposed to be protected. Documents and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee(s) know the defendants; that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff Robbye Hannah and spouse Mr. Lorinzia Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands. **Plaintiff seeks the Relief of the Injunction amount $325,000**

**Total Amount Plaintiffs' seeks the Relief of the Injunction-$2,785.000**

**OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER: PUNITIVE DAMAGES**

1. Plaintiff Robbye Hannah received an Overpayment Notice from Office Personnel Management Federal Employment Retirement Services on or before December 21, 2016 for the amount of $34,496 pertaining

33

to the Social Security Award Notice dated March 15, 2015 that an Administrative Law Judge made the decision. Plaintiff will mail copy to the defendants and receipt delivery confirmation to the court after case number is received. Plaintiff seek relief from the Court on this Special issue and ask the Court if the **Defendants don't produce all:** Prior file; the SSA forms, Initial, Reconsideration Letter; Reconsideration Determinations; Appeals Notice Received Dec 2014; SSA Feb 6, 2015 Determination; March 9, 2015 Dismissal; March 15, 2015 Award Notice ALJ made the decision and copy of the ALJ decision used in Plaintiff disability process; Plaintiff Appeal "Error on the Face of Evidence dated 11/12/14 with attached family statements; Plaintiff Appeals dated April 4, 2015 and April 17, 2015; New Application dated 06/24/14. All of the above was left out in the copy of Plaintiff SSA file. Plaintiff also requests the defendants produce a copy of the SSA Waterloo, Iowa file; that the court grants **Injunction Relief Sought in an additional amount of $2,785,000; Total Amount: $5,570,000**

## 2. OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER:

A. The other relief the Plaintiff asks the Court to order is for Defendants of the Social Security Administration Government officials and employees to quit targeting Plaintiff Robbye Hannah a former SSA ODAR employee (Plaintiff included her copy of Evidence on the Face of Evidence dated Nov 12, 2014 with Family Members statements) and quit playing mental games and mentally harassing plaintiff directly and indirectly.

1. Plaintiff has been targeted and taken advantage of by Defendants since 2007, and defendants continues to do so: Initial Determination Fraud Paragraph Excluded 08/29/07.

2. Plaintiff did not know the Defendants targeted her a month before she filed for a review on Good Cause 91-5p delivered to Defendants on June 17, 2014. Plaintiff mailed in an application at the SSA Dillard office for her Grandson updated Social Security Card. Plaintiff had her deceased son name put on her Grandson Birth Certificate by the Denver, Colorado Court. Plaintiff mailed in the required documents and

kept getting rejected with weird correspondence. Plaintiff was rejected seven times (documented). A Claim Representative contacted Plaintiff Robbye Hannah from the Dillard office to help her. Plaintiff doesn't recall Claim Rep name. Claim Rep instructed Plaintiff to send the documentation to her and put ATTN TO: The Claim Rep called Plaintiff approximately two weeks later and asked Plaintiff did she mail the documentation to her. Plaintiff told her yes and it still came back rejected. Claim Rep advised Plaintiff to mail it back to her again and put ATTN TO: the Claim Rep informed Plaintiff she will put out an email that soon as the documentation arrives for the SSA employees to deliver it to her. Only then did I receive my grandson updated Social Security Card. Plaintiff went through her paperwork December 22, 2016 to look for the envelopes and correspondence because of the issues in her Disability claim; and found two; sure enough the envelope **is mailed from SSA Waterloo 50701** and **addressed from SSA Dillard Office**. Plaintiff will mail copy to defendants and Court after Case number is received.

3.  Defendants refused to give Plaintiff a copy of Plaintiff deceased Spouse earning records and told plaintiff check with IRS they're the ones that do. Plaintiffs know that is not true.

**4.  The personal attack written on the Reconsideration Denial notice dated 06/28/16 by Defendant SSA OGC Associate General Counsel Mitchell Chitwood states, "You have provided no evidence in support of your allegations of benefit denials to establish that an employee of the United States, other than yourself, caused the alleged damages"**

5.  Defendants SSA OGC received the Preponderance of Evidence. The Defendants used the letter Plaintiff wrote November 17, 2015, as Date of Claim filed that was inside the BOX with the Preponderance of Evidence Delivered. Plaintiff receipt states, "BOX".

6. Plaintiff went to the HIPPA Act Site-If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff went to the OCR site: If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff Been There and Done that and was ignored.

35

32. "State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages." Plaintiffs' seek relief for injunction:

1. **HIPPA Violation/Loss of Property-Lack of Jurisdiction**; Plaintiffs found some of Robbye Hannah's evidence hid out of state when Plaintiff disability was pending; and Loss property relief for injunction in the amount **$1,000,000**.

2. **42 USC §1983 Civil Action for Deprivation of Rights**-Defendants Blocked all Plaintiffs rights to Appeal; Plaintiff did not have an ALJ hearing. Defendants refuse to provide a copy of the ALJ Judge or decision; and further on: **18 USC 242-Deprivation of Rights Color of Law of Rights protected under the Constitution of the U.S**

A. Defendants provided a service to the Plaintiff Robbye Hannah with a mental disability that is not effective as what is provided to others in the disability process and not in compliance with any SSA Rules, Laws, Regulation, Federal Laws, and violation of the U.S. Constitution; Colorful Constitution and Acts under "color of any law". Plaintiffs' seek relief for injunction in the amount of **$845,000**

3. Plaintiff's Past due Benefits-Defendants Ms. Chapron; Ms. Tamascus and other SSA employees involved did not do a review on the Initial determination Good Cause for Untimely Filing under SSR-91-5p; Defendants purposely ignored all SSA Laws, Rules, Regulation, Constitution, violated and targeted Plaintiff a former SSA/ODAR employee and a mentally disabled individual rights. Defendant's loss, destroyed; and hid evidence on purpose to deny benefits and cause an incorrect determination. Plaintiff seek relief from the court to order Plaintiffs past due benefit entitlement on her April 16, 2007 Disability Claim filed payable to Plaintiff from her AOD 02/06/2006., and the correct monthly benefits. Plaintiff

31

established Good Cause according to the SSA Law, Rules, and regulations. Defendants did not use the 06/24/14 new application required to complete by defendant Ms. Tamascus and her supervisor. Plaintiffs' tracked the new application and Plaintiff prior file out of state at SSA Waterloo, Iowa: electronically transmitted on 07/02/2014. SSA Waterloo, Iowa did not have jurisdiction. Defendants used their office to hide Plaintiff evidence while her disability was pending.

A. Every SSA correspondence, Notices, Determinations, and Dismissal Plaintiff has received during her disability process including the determinations from SSA and the Award Notice is not used, outdated, and language not in compliance with any SSA Rules, Regulations, Manuals or law or used in SSA disability process. Defendants The Acting Commissioner's office and defendants the Social Security Administration Inspector General did nothing and allowed the defendants Social Security employees who went through drastic, desperate measures by any means possible to scam, scheme, trick, and deny Plaintiff out of her past due benefits paid from AOD 02/06/2006; create a falsified ALJ Award Notice mixed with SSA field Dillard office Appeal instructions and then denied Plaintiff all of her rights to an Appeal. The preponderance of Evidence clearly shows the mental games the defendants Social Security Administration played on a disabled individual including the date of the Determination from SSA 02/06/2015. Plaintiffs' seek relief for injunction in the amount Of $**295,000.**

## PUNITIVE DAMAGES

4. Loss of Consortium-Estate Lorinzia Hannah-Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when the case was still pending, lack of jurisdiction: mental health records missing caused a tremendous conflict in Plaintiffs' marital relationship. Documentation and Medical Evidence is required for Social Security Disability and are supposed to be protected. Documentation and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants, SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee know the defendants (2007

32

traumatic injury); that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff's spouse Mr. Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff's spouse Robbye mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands Plaintiff seeks injunction in the amount of **S325,000.**

**5. Loss of Consortium-** Plaintiff Robbye Rena Hannah- Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when her case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in our marital relationship. Documents required for Social Security Disability are supposed to be protected. Documents and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee(s) know the defendants; that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff Robbye Hannah and spouse Mr. Lorinzia Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands. **Plaintiff seeks the Relief of the Injunction amount S325,000**

**Total Amount Plaintiffs' seeks the Relief of the Injunction-S2,785.000**

**OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER: PUNITIVE DAMAGES**

1. Plaintiff Robbye Hannah received an Overpayment Notice from Office Personnel Management Federal Employment Retirement Services on or before December 21, 2016 for the amount of $34,496 pertaining

33

to the Social Security Award Notice dated March 15, 2015 that an Administrative Law Judge made the decision. Plaintiff will mail copy to the defendants and receipt delivery confirmation to the court after case number is received. Plaintiff seek relief from the Court on this Special issue and ask the Court if the **Defendants don't produce all:** Prior file; the SSA forms, Initial, Reconsideration Letter; Reconsideration Determinations; Appeals Notice Received Dec 2014; SSA Feb 6, 2015 Determination; March 9, 2015 Dismissal; March 15, 2015 Award Notice ALJ made the decision and copy of the ALJ decision used in Plaintiff disability process; Plaintiff Appeal "Error on the Face of Evidence dated 11/12/14 with attached family statements; Plaintiff Appeals dated April 4, 2015 and April 17, 2015; New Application dated 06/24/14. All of the above was left out in the copy of Plaintiff SSA file. Plaintiff also requests the defendants produce a copy of the SSA Waterloo, Iowa file; that the court grants **Injunction Relief Sought in an additional amount of $2,785,000; Total Amount: $5,570,000**

## 2. OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER:

A. The other relief the Plaintiff asks the Court to order is for Defendants of the Social Security Administration Government officials and employees to quit targeting Plaintiff Robbye Hannah a former SSA ODAR employee (Plaintiff included her copy of Evidence on the Face of Evidence dated Nov 12, 2014 with Family Members statements) and quit playing mental games and mentally harassing plaintiff directly and indirectly.

1. Plaintiff has been targeted and taken advantage of by Defendants since 2007, and defendants continues to do so: Initial Determination Fraud Paragraph Excluded 08/29/07.

2. Plaintiff did not know the Defendants targeted her a month before she filed for a review on Good Cause 91-5p delivered to Defendants on June 17, 2014. Plaintiff mailed in an application at the SSA Dillard office for her Grandson updated Social Security Card. Plaintiff had her deceased son name put on her Grandson Birth Certificate by the Denver, Colorado Court. Plaintiff mailed in the required documents and

34

kept getting rejected with weird correspondence. Plaintiff was rejected seven times (documented). A Claim Representative contacted Plaintiff Robbye Hannah from the Dillard office to help her. Plaintiff doesn't recall Claim Rep name. Claim Rep instructed Plaintiff to send the documentation to her and put ATTN TO: The Claim Rep called Plaintiff approximately two weeks later and asked Plaintiff did she mail the documentation to her. Plaintiff told her yes and it still came back rejected. Claim Rep advised Plaintiff to mail it back to her again and put ATTN TO: the Claim Rep informed Plaintiff she will put out an email that soon as the documentation arrives for the SSA employees to deliver it to her. Only then did I receive my grandson updated Social Security Card. Plaintiff went through her paperwork December 22, 2016 to look for the envelopes and correspondence because of the issues in her Disability claim; and found two; sure enough the envelope **is mailed from SSA Waterloo 50701** and **addressed from SSA Dillard Office**. Plaintiff will mail copy to defendants and Court after Case number is received.

3. Defendants refused to give Plaintiff a copy of Plaintiff deceased Spouse earning records and told plaintiff check with IRS they're the ones that do. Plaintiffs know that is not true.

**4. The personal attack written on the Reconsideration Denial notice dated 06/28/16 by Defendant SSA OGC Associate General Counsel Mitchell Chitwood states, "You have provided no evidence in support of your allegations of benefit denials to establish that an employee of the United States, other than yourself, caused the alleged damages"**

5. Defendants SSA OGC received the Preponderance of Evidence. The Defendants used the letter Plaintiff wrote November 17, 2015, as Date of Claim filed that was inside the BOX with the Preponderance of Evidence Delivered. Plaintiff receipt states, "BOX".

6. Plaintiff went to the HIPPA Act Site-If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff went to the OCR site: If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff Been There and Done that and was ignored.

35

**32. "State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages." Plaintiffs' seek relief for injunction:**

1.    **HIPPA Violation/Loss of Property-Lack of Jurisdiction**; Plaintiffs found some of Robbye Hannah's evidence hid out of state when Plaintiff disability was pending; and Loss property relief for injunction in the amount **$1,000,000.**

2.    **42 USC §1983 Civil Action for Deprivation of Rights**-Defendants Blocked all Plaintiffs rights to Appeal; Plaintiff did not have an ALJ hearing. Defendants refuse to provide a copy of the ALJ Judge or decision; and further on: **18 USC 242-Deprivation of Rights Color of Law of Rights protected under the Constitution of the U.S**

A.    Defendants provided a service to the Plaintiff Robbye Hannah with a mental disability that is not effective as what is provided to others in the disability process and not in compliance with any SSA Rules, Laws, Regulation, Federal Laws, and violation of the U.S. Constitution; Colorful Constitution and Acts under "color of any law". Plaintiffs' seek relief for injunction in the amount of **$845,000**

3.    Plaintiff's Past due Benefits-Defendants Ms. Chapron; Ms. Tamascus and other SSA employees involved did not do a review on the Initial determination Good Cause for Untimely Filing under SSR-91-5p; Defendants purposely ignored all SSA Laws, Rules. Regulation, Constitution, violated and targeted Plaintiff a former SSA/ODAR employee and a mentally disabled individual rights. Defendant's loss, destroyed; and hid evidence on purpose to deny benefits and cause an incorrect determination. Plaintiff seek relief from the court to order Plaintiffs past due benefit entitlement on her April 16, 2007 Disability Claim filed payable to Plaintiff from her AOD 02/06/2006., and the correct monthly benefits. Plaintiff

31

established Good Cause according to the SSA Law, Rules, and regulations. Defendants did not use the 06/24/14 new application required to complete by defendant Ms. Tamascus and her supervisor. Plaintiffs' tracked the new application and Plaintiff prior file out of state at SSA Waterloo, Iowa; electronically transmitted on 07/02/2014. SSA Waterloo, Iowa did not have jurisdiction. Defendants used their office to hide Plaintiff evidence while her disability was pending.

A. Every SSA correspondence, Notices, Determinations, and Dismissal Plaintiff has received during her disability process including the determinations from SSA and the Award Notice is not used, outdated, and language not in compliance with any SSA Rules, Regulations, Manuals or law or used in SSA disability process. Defendants The Acting Commissioner's office and defendants the Social Security Administration Inspector General did nothing and allowed the defendants Social Security employees who went through drastic, desperate measures by any means possible to scam, scheme, trick, and deny Plaintiff out of her past due benefits paid from AOD 02/06/2006; create a falsified ALJ Award Notice mixed with SSA field Dillard office Appeal instructions and then denied Plaintiff all of her rights to an Appeal. The preponderance of Evidence clearly shows the mental games the defendants Social Security Administration played on a disabled individual including the date of the Determination from SSA 02/06/2015. Plaintiffs' seek relief for injunction in the amount Of **$295,000.**

## PUNITIVE DAMAGES

4. Loss of Consortium-Estate Lorinzia Hannah-Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when the case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in Plaintiffs' marital relationship. Documentation and Medical Evidence is required for Social Security Disability and are supposed to be protected. Documentation and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants, SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee know the defendants (2007

32

traumatic injury); that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff's spouse Mr. Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff's spouse Robbye mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands Plaintiff seeks injunction in the amount of **$325,000.**

**5. Loss of Consortium**- Plaintiff Robbye Rena Hannah- Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when her case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in our marital relationship. Documents required for Social Security Disability are supposed to be protected. Documents and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee(s) know the defendants; that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff Robbye Hannah and spouse Mr. Lorinzia Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands. **Plaintiff seeks the Relief of the Injunction amount $325,000**

**Total Amount Plaintiffs' seeks the Relief of the Injunction-$2,785.000**

**OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER: PUNITIVE DAMAGES**

1. Plaintiff Robbye Hannah received an Overpayment Notice from Office Personnel Management Federal Employment Retirement Services on or before December 21, 2016 for the amount of $34,496 pertaining

to the Social Security Award Notice dated March 15, 2015 that an Administrative Law Judge made the decision. Plaintiff will mail copy to the defendants and receipt delivery confirmation to the court after case number is received. Plaintiff seek relief from the Court on this Special issue and ask the Court if the **Defendants don't produce all:** Prior file; the SSA forms, Initial, Reconsideration Letter; Reconsideration Determinations; Appeals Notice Received Dec 2014; SSA Feb 6, 2015 Determination; March 9, 2015 Dismissal; March 15, 2015 Award Notice ALJ made the decision and copy of the ALJ decision used in Plaintiff disability process; Plaintiff Appeal "Error on the Face of Evidence dated 11/12/14 with attached family statements; Plaintiff Appeals dated April 4, 2015 and April 17, 2015; New Application dated 06/24/14. All of the above was left out in the copy of Plaintiff SSA file. Plaintiff also requests the defendants produce a copy of the SSA Waterloo, Iowa file; that the court grants **Injunction Relief Sought in an additional amount of $2,785,000; Total Amount: $5,570,000**

## 2. OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER:

A. The other relief the Plaintiff asks the Court to order is for Defendants of the Social Security Administration Government officials and employees to quit targeting Plaintiff Robbye Hannah a former SSA ODAR employee (Plaintiff included her copy of Evidence on the Face of Evidence dated Nov 12, 2014 with Family Members statements) and quit playing mental games and mentally harassing plaintiff directly and indirectly.

1. Plaintiff has been targeted and taken advantage of by Defendants since 2007, and defendants continues to do so: Initial Determination Fraud Paragraph Excluded 08/29/07.

2. Plaintiff did not know the Defendants targeted her a month before she filed for a review on Good Cause 91-5p delivered to Defendants on June 17, 2014. Plaintiff mailed in an application at the SSA Dillard office for her Grandson updated Social Security Card. Plaintiff had her deceased son name put on her Grandson Birth Certificate by the Denver, Colorado Court. Plaintiff mailed in the required documents and

34

kept getting rejected with weird correspondence. Plaintiff was rejected seven times (documented). A Claim Representative contacted Plaintiff Robbye Hannah from the Dillard office to help her. Plaintiff doesn't recall Claim Rep name. Claim Rep instructed Plaintiff to send the documentation to her and put ATTN TO: The Claim Rep called Plaintiff approximately two weeks later and asked Plaintiff did she mail the documentation to her. Plaintiff told her yes and it still came back rejected. Claim Rep advised Plaintiff to mail it back to her again and put ATTN TO: the Claim Rep informed Plaintiff she will put out an email that soon as the documentation arrives for the SSA employees to deliver it to her. Only then did I receive my grandson updated Social Security Card. Plaintiff went through her paperwork December 22, 2016 to look for the envelopes and correspondence because of the issues in her Disability claim; and found two; sure enough the envelope **is mailed from SSA Waterloo 50701** and **addressed from SSA Dillard Office**. Plaintiff will mail copy to defendants and Court after Case number is received.

3. Defendants refused to give Plaintiff a copy of Plaintiff deceased Spouse earning records and told plaintiff check with IRS they're the ones that do. Plaintiffs know that is not true.

**4. The personal attack written on the Reconsideration Denial notice dated 06/28/16 by Defendant SSA OGC Associate General Counsel Mitchell Chitwood states, "You have provided no evidence in support of your allegations of benefit denials to establish that an employee of the United States, other than yourself, caused the alleged damages"**

5. Defendants SSA OGC received the Preponderance of Evidence. The Defendants used the letter Plaintiff wrote November 17, 2015, as Date of Claim filed that was inside the BOX with the Preponderance of Evidence Delivered. Plaintiff receipt states, "BOX".

6. Plaintiff went to the HIPPA Act Site-If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff went to the OCR site: If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff Been There and Done that and was ignored.

32. "State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages." Plaintiffs' seek relief for injunction:

1.   **HIPPA Violation/Loss of Property-Lack of Jurisdiction**; Plaintiffs found some of Robbye Hannah's evidence hid out of state when Plaintiff disability was pending; and Loss property  relief for injunction in the amount **$1,000,000**.

2.   **42 USC §1983 Civil Action for Deprivation of Rights**-Defendants Blocked all Plaintiffs rights to Appeal; Plaintiff did not have an ALJ hearing. Defendants refuse to provide a copy of the ALJ Judge or decision; and further on: **18 USC 242-Deprivation of Rights Color of Law of Rights protected under the Constitution of the U.S**

A.   Defendants provided a service to the Plaintiff *Robbye Hannah* with a mental disability that is not effective as what is provided to others in the disability process and not in compliance with any SSA Rules, Laws, Regulation, Federal Laws, and violation of the U.S. Constitution; Colorful Constitution and Acts under "color of any law". Plaintiffs' seek relief for injunction in the amount of **$845,000**

3.   Plaintiff's Past due Benefits-Defendants Ms. Chapron; Ms. Tamascus and other SSA employees involved did not do a review on the Initial determination Good Cause for Untimely Filing under SSR-91-5p; Defendants purposely ignored all SSA Laws, Rules. Regulation, Constitution, violated and targeted Plaintiff a former SSA/ODAR employee and a mentally disabled individual rights. Defendant's loss, destroyed; and hid evidence on purpose to deny benefits and cause an incorrect determination. Plaintiff seek relief from the court to order Plaintiffs past due benefit entitlement on her April 16, 2007 Disability Claim filed payable to Plaintiff from her AOD 02/06/2006., and the correct monthly benefits. Plaintiff

31

established Good Cause according to the SSA Law, Rules, and regulations. Defendants did not use the 06/24/14 new application required to complete by defendant Ms. Tamascus and her supervisor. Plaintiffs' tracked the new application and Plaintiff prior file out of state at SSA Waterloo, Iowa; electronically transmitted on 07/02/2014. SSA Waterloo, Iowa did not have jurisdiction. Defendants used their office to hide Plaintiff evidence while her disability was pending.

A. Every SSA correspondence, Notices, Determinations, and Dismissal Plaintiff has received during her disability process including the determinations from SSA and the Award Notice is not used, outdated, and language not in compliance with any SSA Rules, Regulations, Manuals or law or used in SSA disability process. Defendants The Acting Commissioner's office and defendants the Social Security Administration Inspector General did nothing and allowed the defendants Social Security employees who went through drastic, desperate measures by any means possible to scam, scheme, trick, and deny Plaintiff out of her past due benefits paid from AOD 02/06/2006; create a falsified ALJ Award Notice mixed with SSA field Dillard office Appeal instructions and then denied Plaintiff all of her rights to an Appeal. The preponderance of Evidence clearly shows the mental games the defendants Social Security Administration played on a disabled individual including the date of the Determination from SSA 02/06/2015. Plaintiffs' seek relief for injunction in the amount Of $**295,000.**

## **PUNITIVE DAMAGES**

4. Loss of Consortium-Estate Lorinzia Hannah-Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when the case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in Plaintiffs' marital relationship. Documentation and Medical Evidence is required for Social Security Disability and are supposed to be protected. Documentation and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants, SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee know the defendants (2007

traumatic injury); that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff's spouse Mr. Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff's spouse Robbye mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands Plaintiff seeks injunction in the amount of **$325,000.**

**5. Loss of Consortium-** Plaintiff Robbye Rena Hannah- Defendants caused a grave injustice violated the HIPPA ACT, Removed documentation when her case was still pending, lack of jurisdiction; mental health records missing caused a tremendous conflict in our marital relationship. Documents required for Social Security Disability are supposed to be protected. Documents and evidence needed to be proven and established for untimely filing regardless of how sensitive, personal or confidential the documents are supposed to be protective under the law and not any defendants SSA employee, manager or supervisor have a right to remove any documentation or evidence from a federal file for their own personal reason even if the SSA employee(s) know the defendants; that is a crime and against the SSA Law, Rules, Manuals, Regulations and Court Rulings- Plaintiff Robbye Hannah and spouse Mr. Lorinzia Hannah were caused to suffer loss of consortium; loss of society; emotional distress; substantial stress; sexual relations; companionship, embarrassment and shame; humiliation; fright; mental anguish and solace because Plaintiff mental health records; documentation on the 2007 traumatic injury was missing and family personal life was exposed and at risk in unknown hands. **Plaintiff seeks the Relief of the Injunction amount $325,000**

**Total Amount Plaintiffs' seeks the Relief of the Injunction-$2,785.000**

**OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER: PUNITIVE DAMAGES**

1. Plaintiff Robbye Hannah received an Overpayment Notice from Office Personnel Management Federal Employment Retirement Services on or before December 21, 2016 for the amount of $34,496 pertaining

to the Social Security Award Notice dated March 15, 2015 that an Administrative Law Judge made the decision. Plaintiff will mail copy to the defendants and receipt delivery confirmation to the court after case number is received. Plaintiff seek relief from the Court on this Special issue and ask the Court if the **Defendants don't produce all:** Prior file; the SSA forms, Initial, Reconsideration Letter; Reconsideration Determinations; Appeals Notice Received Dec 2014; SSA Feb 6, 2015 Determination; March 9, 2015 Dismissal; March 15, 2015 Award Notice ALJ made the decision and copy of the ALJ decision used in Plaintiff disability process; Plaintiff Appeal "Error on the Face of Evidence dated 11/12/14 with attached family statements; Plaintiff Appeals dated April 4, 2015 and April 17, 2015; New Application dated 06/24/14. All of the above was left out in the copy of Plaintiff SSA file. Plaintiff also requests the defendants produce a copy of the SSA Waterloo, Iowa file; that the court grants **Injunction Relief Sought in an additional amount of $2,785,000; Total Amount: $5,570,000**

## 2. OTHER RELIEF PLAINTIFF ASKS THE COURT TO ORDER:

A. The other relief the Plaintiff asks the Court to order is for Defendants of the Social Security Administration Government officials and employees to quit targeting Plaintiff Robbye Hannah a former SSA ODAR employee (Plaintiff included her copy of Evidence on the Face of Evidence dated Nov 12, 2014 with Family Members statements) and quit playing mental games and mentally harassing plaintiff directly and indirectly.

1. Plaintiff has been targeted and taken advantage of by Defendants since 2007, and defendants continues to do so: Initial Determination Fraud Paragraph Excluded 08/29/07.

2. Plaintiff did not know the Defendants targeted her a month before she filed for a review on Good Cause 91-5p delivered to Defendants on June 17, 2014. Plaintiff mailed in an application at the SSA Dillard office for her Grandson updated Social Security Card. Plaintiff had her deceased son name put on her Grandson Birth Certificate by the Denver, Colorado Court. Plaintiff mailed in the required documents and

kept getting rejected with weird correspondence. Plaintiff was rejected seven times (documented). A Claim Representative contacted Plaintiff Robbye Hannah from the Dillard office to help her. Plaintiff doesn't recall Claim Rep name. Claim Rep instructed Plaintiff to send the documentation to her and put ATTN TO: The Claim Rep called Plaintiff approximately two weeks later and asked Plaintiff did she mail the documentation to her. Plaintiff told her yes and it still came back rejected. Claim Rep advised Plaintiff to mail it back to her again and put ATTN TO: the Claim Rep informed Plaintiff she will put out an email that soon as the documentation arrives for the SSA employees to deliver it to her. Only then did I receive my grandson updated Social Security Card. Plaintiff went through her paperwork December 22, 2016 to look for the envelopes and correspondence because of the issues in her Disability claim; and found two; sure enough the envelope **is mailed from SSA Waterloo 50701** and **addressed from SSA Dillard Office**. Plaintiff will mail copy to defendants and Court after Case number is received.

3. Defendants refused to give Plaintiff a copy of Plaintiff deceased Spouse earning records and told plaintiff check with IRS they're the ones that do. Plaintiffs know that is not true.

**4. The personal attack written on the Reconsideration Denial notice dated 06/28/16 by Defendant SSA OGC Associate General Counsel Mitchell Chitwood states, "You have provided no evidence in support of your allegations of benefit denials to establish that an employee of the United States, other than yourself, caused the alleged damages"**

5. Defendants SSA OGC received the Preponderance of Evidence. The Defendants used the letter Plaintiff wrote November 17, 2015, as Date of Claim filed that was inside the BOX with the Preponderance of Evidence Delivered. Plaintiff receipt states, "BOX".

6. Plaintiff went to the HIPPA Act Site-If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff went to the OCR site: If the violation is against the Social Security Administration. The site refers individuals to the Social Security Administration. Plaintiff Been There and Done that and was ignored.