UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBBYE RENA HANNAH, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-3796 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause of action is the United States of America's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 9). Considering the parties' arguments, the facts, and the applicable law, the Court orders that the motion is granted and Plaintiff's claims are dismissed in their entirety.

**I.     Background**

*Pro se* Plaintiff Robbye Rena Hannah filed suit in December of 2016 against Defendant, the United States of America, alleging a cause of action under the Federal Tort Claims Act ("FTCA") for damages in the amount of $2,785,000 caused by negligent and wrongful acts of Social Security Administration ("SSA") employees in processing her applications for disability benefits. Plaintiff also asserts causes of action under 18 U.S.C. § 242 for deprivation of rights under color of law and under the Health Insurance Portability and Accountability Act ("HIPAA") for inappropriate handling of her medical records.

The procedural history of Ms. Hannah's disability benefits case is long and complex. The SSA's office file regarding Plaintiff shows the following: On April 7, 2007, Ms. Hannah filed an application for disability insurance benefits under Title II of the Social Security Act ("the Act"), alleging she became disabled on February 6, 2006. On August 29, 2007, SSA

denied Ms. Hannah's first application at the initial level. Ms. Hannah was permitted to request reconsideration of that decision within 60 days of the initial denial, but she did not make such a request within the 60 day period.

Seven years later, on June 24, 2014, Ms. Hannah filed a second application for disability insurance benefits with the Houston Northwest Field Office, alleging disability beginning February 6, 2006. The same day, she requested a reconsideration of her first application for disability insurance benefits which had been denied more than six years earlier. Ms. Hannah stated she had good cause for not timely filing a request for reconsideration within the 60 day period, explaining that she was mentally incapacitated between August 2007 and June 2014 and was unable to file a request for reconsideration.

On August 7, 2014, SSA denied Ms. Hannah's second application for disability insurance benefits. On August 14, 2014, Ms. Hannah timely requested reconsideration of that denial. On October 17, 2014, SSA denied Ms. Hannah's second application at the reconsideration level. Ms. Hannah timely requested the next level of administrative review, a hearing before an administrative law judge ("ALJ").

SSA referred Ms. Hannah's claim to the Office of Disability Adjudication and Review Houston-Bissonnet office, which acknowledge the request for hearing on December 5, 2014. However, on February 2, 2015, SSA advised the Office of Disability Adjudication and Review that it had decided to reopen the reconsideration denial of Ms. Hannah's second application. That same day, the Office of Disability Adjudication and Review closed Ms. Hannah's request for hearing and returned her case to SSA.

On February 5, 2015, SSA found Ms. Hannah disabled under her second application. On March 9, 2015, SSA dismissed her request for reconsideration of her first application, finding no

good cause for the untimely request. SSA also denied her request to reopen the August 29, 2007 initial denial of Ms. Hannah's first application. Declaration of Doug Jacobson, Doc. 9-2.

Ultimately, Ms. Hannah did receive benefits based on her injury of February 6, 2006, after SSA reopened the reconsideration of its denial of her second application. However, she alleges that throughout the process, SSA employees did not follow agency procedures in processing her claim, transmitted and hid evidence out of state in Waterloo, Iowa while her disability claim was pending, did not follow Social Security Ruling 91-5p when deciding whether to reopen a prior denial, did not provide her a hearing before an ALJ, caused her to have marital conflict and emotional distress, and owe her back pay for the allegedly wrongful denial of her first application.

The government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction or Rule 12(b)(6) for failure to state a claim upon which relief may be granted. It argues that the Court lacks subject matter jurisdiction over the action and it should be dismissed in its entirety.

## II.   Applicable law

### A.   *Pro se* litigants

The district court is to construe liberally the briefs of *pro se* litigants and to apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reciting the long-established rule that documents filed *pro se* are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). But *pro se* litigants are still expected to brief the issues and reasonably comply with the requirements of the Federal Rules of Civil Procedure.

*E.E.O.C. v. Simbaki, Ltd*, 767 F.3d 475, 484 (5th Cir. 2014).

    **B.**    **Rule 12(b)(1)**

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists must bear the burden of proof for a 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

    **C.**    **Rule 12(b)(6)**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In determining plausibility, courts should first disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory. *Id.* at 662. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under 12(b). *Id.* at 678. Second, the court must assume the truth of all factual allegations and determine whether

those factual allegations allege a plausible claim. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* If these facts fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III. Discussion

#### A. Claims against Ms. Chapron, Ms. Tamascus, and other SSA employees

As a preliminary matter, the only proper defendant to the suit is the United States of America. *See* 28 U.S.C. § 2679(a); *FDIC v. Meyer,* 510 U.S. 471, 476-77 (1994). "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). As a result, Plaintiff's FTCA claims brought against individual SSA employees as the defendants are dismissed for lack of jurisdiction, and the Court will consider only the United States of America as the defendant.

#### B. Plaintiff's claims under HIPAA and 18 U.S.C. § 242

Plaintiff alleges that Defendant violated HIPAA by inappropriately handling her medical records. The Fifth Circuit has held that HIPAA does not create a private right of action. *Acara v. Banks*, 470 F. 3d 569, 571 (5th Cir. 2006). Therefore, there is no federal subject matter jurisdiction over this claim and it is dismissed pursuant to Rule 12(b)(1). *See id.* at 572.

Plaintiff also alleges that she was deprived of rights under color of law in violation of 18 U.S.C. § 242. This is a criminal statute which does not provide a basis for civil liability. *Gill v.*

*State of Tex.*, 153 Fed. Appx. 261, 262 (5th Cir. 2005). Therefore, this claim is also dismissed.

### C. Plaintiff's FTCA claims

Plaintiff brings a cause of action under the FTCA for damages caused by negligent and wrongful acts and omissions of SSA employees throughout the application process she underwent to receive disability benefits. In her Complaint, Plaintiff alleges that:

- SSA employees did not review their decision that there was no good cause for the untimely filing requesting review of the first denial of benefits application
- SSA employees purposefully hid evidence in order to cause Plaintiff to be denied benefits
- SSA employees did not follow proper procedure in corresponding with Plaintiff
- SSA employees were permitted to scam, scheme, and trick Plaintiff so that she was unable to receive any past due benefits
- SSA employees created a falsified ALJ Award Notice
- SSA employees denied Plaintiff her right to appeal
- SSA employees mistreated Plaintiff's SSA file and medical records, resulting in Plaintiff suffering loss of consortium and emotional distress

The United States, as sovereign, is immune from suit except where it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA waives sovereign immunity in certain cases involving negligence committed by federal employees in the course of their employment, 28 U.S.C. § 1346(b)(1), making the United States liable "in the same manner and to the same extent as a private individual under like circumstances," § 2674. *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

However, the FTCA qualifies its waiver of sovereign immunity for certain categories of claims, and if one of the exceptions applies, the bar of sovereign immunity remains. *Id.* Section 2680(h) prohibits a plaintiff from bringing against the United States "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Accordingly, Plaintiff's claims for relief are barred to the extent that plaintiff alleges causes of

action for abuse of process, deceit, or interference with contractual rights.

Moreover, all of Plaintiff's claims "arising out of" her claims of abuse of process, deceit, and interference with contractual rights are also barred. *Id.; Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) ("If the conduct upon which a claim is based constitutes a claim "arising out of" any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim."). To determine whether a claim is one "arising out of" any of the torts enumerated in Section 2680(h), the Court looks at the conduct upon which the plaintiff's claim is based. *Cross v. United States*, 159 F. App'x 572, 575 (5th Cir. 2005). Here, Plaintiff's claims for negligence, intentional infliction of emotional distress, and loss of consortium are based on governmental conduct enumerated as exceptions to the waiver of sovereign immunity. 28 U.S.C. § 2680(h). Therefore, Plaintiff's remaining FTCA claims must be dismissed for lack of jurisdiction.

Additionally, Plaintiff's claims are barred to the extent that they arise under the Social Security Act because Congress excepted claims arising under the Act from being brought under the FTCA in United States District Courts. 42 U.S.C. § 405(h). The Social Security Act provides:

> No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

*Id.* Since Plaintiff's claims relate to the processing of her disability application and the alleged failure of SSA employees to follow proper procedures in doing so, they are barred from being brought under the FTCA by Section 405(h). Therefore, the Court lacks subject matter jurisdiction over those claims, and they must be dismissed.

D. **Plaintiff's right to appeal her SSA determination**

As an additional note, if the Court were instead to construe Plaintiff's *pro se* Complaint as an appeal of her benefits case under the Social Security Act, dismissal would still be appropriate. Plaintiff has no appeal rights regarding the denial of an extension to request reconsideration of her first disability benefits application and the denial of a request to reopen the initial denial of her first disability benefits application. "Federal courts do not have subject matter jurisdiction to review a decision not to reopen an application for benefits, unless a claimant asserts a colorable challenge to such decisions on constitutional grounds." *Collins v. Colvin*, 645 Fed. Appx. 305, 306 (5th Cir. 2016); *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986). "Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

Plaintiff's request to reopen her first application was declined because the Agency found no good cause for the six year delay between the initial denial of her first application and her request for reconsideration of that application. Plaintiff argues that she did not have an ALJ hearing and that Defendant acted in violation of the Constitution. However, Plaintiff does not assert a colorable constitutional claim; she does not explain how or why any of her constitutional rights have allegedly been violated. The Court finds Plaintiff's constitutional assertions to be merely conclusory and not colorable.

Because Plaintiff has not asserted a colorable constitutional claim, the Court holds that it lacks subject matter jurisdiction to review SSA's decision regarding the reopening and reconsideration of Plaintiff's first application.

## IV.  Conclusion

Accordingly, it is hereby

ORDERED that Defendant United States of America's Motion to Dismiss (Doc. 9) is GRANTED.

SIGNED at Houston, Texas, this 6th day of February, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE